Jose Arecha VILLANUEVA, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–87–00298–CR, 01–87–00299–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 6, 1989.

James M. Leitner, Bridgewater & Leitner, Houston, for appellant.

John B. Holmes Jr., Dist. Atty., Carrol M. Cameron, Carol Davies, Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and SAM BASS and COHEN, JJ.

## OPINION ON REMAND FROM THE COURT OF CRIMINAL APPEALS

COHEN, Justice.

■ The Court of Criminal Appeals remanded this cause for reconsideration of appellant's second and third points of error in light of its holding in *Rose v. State*, 752 S.W.2d 529, 552 (Tex.Crim.App.1988) (op. on reh'g). In his second and third points of error, appellant argued that the trial court erred by overruling his objection to the parole charge, Tex.Code Crim.P.Ann. art. 37.07, sec. 4(a). Ch. 576, sec. 1, 1985 Tex. Gen.Laws 2195, *amended by* ch. 66, sec. 1, 1987 Tex.Gen.Laws 170, *amended by* ch. 1101, sec. 15, 1987 Tex.Gen.Laws 3765. The parole charge is unconstitutional as a violation of the separation of powers doctrine and due course of law provisions of the Texas Constitution. *Rose*, 752 S.W.2d at 529.

In an unpublished opinion, this Court applied the harm analysis announced in *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim. App.1984), and determined appellant was

not harmed by the inclusion of the unconstitutional parole charge. We are now instructed to consider whether appellant was harmed under the guidelines of Tex.R.App. P. 81(b)(2). *Rose,* 752 S.W.2d at 554.

■ Rule 81(b)(2) provides that this Court must reverse a judgment unless we determine, beyond a reasonable doubt, that the error did not contribute to the punishment. The State has the burden to show the absence of harm. *See Taylor v. State,* 755 S.W.2d 548, 550 (Tex.App.—Houston [1st Dist.] 1988, pet. pending).

Appellant and two co-defendants forced their way into a home and abducted the complainants, a teenage male and the family housekeeper. The complainants were each blindfolded, bound at the hands and feet, and placed in the back of a vehicle. They were moved to different locations and kept blindfolded and bound throughout the entire ordeal.

The stepfather of the male complainant negotiated and delivered a $300,000 cash ransom that evening. Shortly thereafter, appellant's co-defendants were arrested. Officers recovered approximately $190,000 from the vehicle. The next morning, officers rescued the complainants from a house and arrested appellant. Approximately $8,000 was found on the appellant and in the house. Over $96,000 was never recovered.

The jury found appellant guilty of two aggravated kidnappings. They then assessed his punishment at 99 years imprisonment and a $10,000 fine in each case.

■ There are several factors we consider in determining whether appellant was harmed by a parole charge, including: (1) whether the trial court gave a curative instruction; (2) appellant's prior criminal record; and (3) the heinous nature of the crime. *Rose,* 752 S.W.2d at 554–55. We also view the entire record to determine whether parole was an issue considered during voir dire, argument, jury deliberation, or any other time. After viewing these factors, we conclude, beyond a reasonable doubt, that the parole instruction did not contribute to the punishment assessed.

The trial court gave both the statutory charge and an additional curative instruction. The instruction, like that in *Rose,* told the jury that they were not to discuss how long the accused would be required to serve under the sentence they imposed. The additional charge explained that the jury should not consider parole matters because such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State. *Compare Rose,* 752 S.W.2d at 554.

Neither attorney mentioned parole during voir dire or during final arguments. We have been directed to no evidence in the record indicating that parole was an issue raised before the jury.

Although it was not shown that appellant had any prior convictions, extraneous offenses or arrests, or a bad reputation, the facts of the case are heinous. The kidnappers invaded a home at gunpoint, and bound, blindfolded, and abducted two victims, whom they held for $300,000 ransom. Only two-thirds of the ransom money was ever found. Appellant was arrested at the house where the victims were found, and he confessed in writing his involvement in the crime. He admitted that he gave his share of the ransom money to an associate, who was supposed to return it to appellant when they reunited in Mexico. Thus, the evidence showed appellant's premeditated involvement in the forceful kidnapping of a teenager and an adult to extort money from innocent victims. We conclude that these facts, not the parole charge, motivated the jury's assessment of the maximum punishment, not the informational charge on the parole law. As we remarked in our prior opinion, "[A]ny kidnapping is likely to arouse a jury's passion. What crime is more odious than stealing a child for money? What crime is harder for a jury to forgive? Until 1974, kidnapping was punishable by death in Texas." Moreover, the fact that appellant was tried jointly with two previously convicted co-defendants, both of whom were shown to have greater

involvement than appellant, likely affected the jury's decision.

The jury's assessment of the maximum punishment indicates their abhorrence for the perpetrators of the crime. The charge instructed the jury that appellant would not "become eligible for parole until the actual time served equals one-third of the sentence imposed or twenty years, *whichever is less*, without any consideration of any good conduct time...." The jury knew, therefore, that appellant would be eligible for parole in 20 years, whether they assessed a sentence of 60 years (⅓ of 60 = 20) or 99 years. They nevertheless assessed the longer sentence knowing it would not delay appellant's parole eligibility date. Thus, at least the last 39 years of appellant's 99–year sentence cannot be attributed to the parole instruction.

This case is distinguishable from *Urbano v. State*, 760 S.W.2d 33, 39 (Tex.App.—Houston [1st Dist.] 1988, pet. pending), wherein this Court stated that the severe sentence might be considered as one factor indicating harm. We do not consider our statement in *Urbano* as having significant bearing on our decision in that case. In *Urbano*, the significant factor in the harm analysis was the fact that both the prosecutor and defense counsel argued the parole law during final arguments. *See id.* at 38–39. That factor is not present here.

We overrule appellant's points of error two and three. Having previously overruled appellant's remaining points of error in our original opinion, we need not readdress them here.

The judgment is affirmed.